UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BRANDON LEJEUNE**                    CASE NO. 2:22-CV-00107

**VERSUS**                              JUDGE JAMES D. CAIN, JR.

**USAA GENERAL INDEMNITY CO**          MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 18] filed by defendant USAA General Indemnity Company ("USAA GIC") and seeking dismissal of plaintiff's bad faith claims. Plaintiff opposes the motion. Doc. 22.

### I.
### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to a residence owned by plaintiff in Lake Charles, Louisiana. Doc. 1. At all relevant times the property was insured by a homeowner's policy issued by USAA GIC. Plaintiff alleges that USAA GIC failed to timely or adequately compensate him for his covered losses and filed suit in this court on January 12, 2022, raising claims of breach of contract and bad faith under Louisiana law. *Id.* The case is now set for jury trial on August 14, 2023. Doc. 10. USAA GIC has filed the instant motion for summary judgment on plaintiff's bad faith claims. Doc. 18. Plaintiff opposes the motion. Doc. 22.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Louisiana Revised Statute § 22:1892 makes an insurer liable for penalties and attorney fees in certain circumstances based on its bad faith handling of a claim. To prevail under this statute, the insured must show that (1) the insurer received satisfactory proof of loss; (2) the insurer failed to tender payment within 30 days of receiving this proof; and (3) the insurer's failure to pay is "arbitrary, capricious, or without probable cause." *Guillory v. Lee*, 16 So.3d 1104, 1126 (La. 2009). Similarly, Louisiana Revised Statute § 22:1973(B)(5) provides for an award of penalties when an insurer fails to pay within 60 days and that failure is "arbitrary, capricious, or without probable cause."

USAA GIC shows that it conducted an initial inspection of plaintiff's home on September 3, 2020, one week after Hurricane Laura struck, at which plaintiff denied any damage to the interior and the adjuster noted damage to the roof, exterior, and fence. Doc. 18, att. 6, pp. 2–3; doc. 18, att. 5, p. 32. USAA GIC timely issued payment of $10,731.42 (after subtraction of the $9,120.00 deductible) to plaintiff based on that inspection and plaintiff accepted. Doc. 18, att. 6, pp. 2–3.

In December 2020, plaintiff contacted USAA GIC and expressed dissatisfaction with the initial estimate. *Id.* at 19. USAA GIC advised plaintiff to submit any documents for review but maintains that he failed to do so. *Id.* Plaintiff submitted additional receipts for repair of his pool liner and replacement of his twenty windows. *Id.* at 5–7, 20. USAA GIC agreed that additional amounts were owed on the pool but disputed coverage for the windows, for which it had found that only screen replacement was needed on its prior inspection. *Id.* at 4, 20–22. In August 2021 plaintiff submitted additional photos of the windows but USAA GIC disputed that these showed storm damage. *Id.* at 20–22. Plaintiff then filed suit on January 12, 2022. The following week, he submitted an estimate prepared by Integrity Claims Consulting, LLC documenting $379,109.26 in damage to the dwelling, including the interior of the home. Doc. 22, att. 4.

USAA GIC argues that it is entitled to summary judgment on the bad faith claim because this case centers on legitimate and good faith disputes as to the cost of repair. But plaintiff testified that the initial inspection took less than an hour. Doc. 18, att. 5, p. 32. It appears that he began noticing issues with the windows a few months after the storms and sought coverage under the policy for some time, submitting photographic evidence at

USAA GIC's request. USAA GIC denied the supplement based on its own interpretation of the photos, without conducting another inspection.

An insurer may violate Louisiana's bad faith statutes when it fails to adequately inspect the insured property before denying a claim. *See Jacobs v. GEICO Indem. Co.*, 256 So.3d 449, 457 (La. Ct. App. 2d Cir. 2018) (upholding bad faith verdict against GEICO based on trial evidence that its adjuster failed to thoroughly inspect a vehicle before denying a flood claim). Whether USAA GIC's investigation of the supplemental claim was sufficient is a matter of fact for the jury to decide. Accordingly, summary judgment is inappropriate in this matter.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 18] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of July, 2023.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**